Duka v. Barr

BIA
A095 149 726

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand nineteen.

PRESENT:
>      DENNIS JACOBS,
>      SUSAN L. CARNEY,
>      MICHAEL H. PARK,
>           *Circuit Judges.*

_____

SHKELQIM DUKA,

>      *Petitioner,*

>      v.                                                    18-1621

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

>      *Respondent.*

_____

FOR PETITIONER:            PAUL B. GROTAS, The Grotas Firm, P.C.,
                           New York, NY.

FOR RESPONDENT:            LYNDA A. DO, Attorney (Joseph H. Hunt,
                           Assistant Attorney General; Stephen
                           J. Flynn, Assistant Director, *on the
                           brief*) *for* the Office of Immigration
                           Litigation, United States Department
                           of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Shkelqim Duka, a native and citizen of Macedonia, seeks review of a decision of the BIA denying his fifth motion to reopen. *In re Shkelqim Duka,* No. A095 149 726 (B.I.A. May 2, 2018). We review the BIA's denial of a motion to reopen for abuse of discretion and the BIA's conclusion regarding country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233-34 (2d Cir. 2005) (internal quotation marks omitted).

It is undisputed that Duka's motion was untimely and number barred because it was his fifth motion and his removal order became final in 2005. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i). To avoid the applicable time and number limitations, he had to show a material change in country conditions in Macedonia relevant to his stated fear of persecution arising from his father-in-law's conviction. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). He also had to

2

show his prima facie eligibility for asylum. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988) (even assuming a material change in country conditions, the agency may deny reopening where a movant fails to demonstrate prima facie eligibility for relief); *see also Jian Hui Shao*, 546 F.3d at 168 (to demonstrate prima facie eligibility for relief, a movant "must show a 'realistic chance' that she will be able to obtain such relief"). We conclude that the BIA did not abuse its discretion in denying the petition because Duka failed to show either a material change in country conditions or his prima facie eligibility for relief. His claim that he would be targeted because of his father-in-law's conviction or accusations was speculative: he adduced no evidence that his father-in-law was framed or that anyone close to his father-in-law had been targeted.

Duka contends that the BIA erred by failing to discuss an updated expert report by Dr. Bernd Fischer on conditions in Macedonia. We identify no abuse of discretion in the agency's decision not to discuss the updated report. The agency is not required to parse explicitly each piece of evidence. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Further, the BIA was not obligated to credit the report, which was based, in part, on Duka's discredited allegations of past harm and did not substantively address his father-in-law's conviction,

3

notwithstanding that the conviction was the predicate for the fear alleged by Duka in his fifth motion to reopen. *See id.* at 275–76 (explaining that the agency does not have to "parse or refute on the record each individual argument or piece of evidence," particularly where that evidence is "oft-cited" or "immaterial" (internal quotation marks omitted)).

As to both Dr. Fischer's report and the additional country conditions evidence that Duka submitted with his fifth motion to reopen, the BIA did not abuse its discretion by failing to analyze specific pieces of evidence presented by Duka. The evidence of new incidents of violence against ethnic Albanians reflected neither a heightening of volatile conditions for ethnic Albanians nor an interest in Duka by criminals or Macedonian authorities. *See Jian Hui Shao*, 546 F.3d at 169; *Wei Guang Wang*, 437 F.3d at 275–76. In sum, the BIA did not err in denying Duka's motion to reopen because it did not ignore material evidence presented by Duka, and Duka failed to establish either changed country conditions or his prima facie eligibility for asylum by virtue of his father-in-law's actions. Insofar as the BIA declined to exercise its authority to reopen sua sponte, we lack jurisdiction to review that "entirely discretionary" determination. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED, the stay of removal previously granted is VACATED, and the Government's motion for summary denial and Duka's motion to remand are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court